IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANUFACTURERS AND TRADERS TRUST COMPANY, AS INDENTURE TRUSTEE,<br><br>    Plaintiff,<br><br>vs.<br><br>WACHOVIA CAPITAL MARKETS, LLC, d/b/a WACHOVIA SECURITIES, *et al.*,<br><br>    Defendants. | MDL No. 2021<br>MISC No. 09-162 |

AMBROSE, District Judge

## OPINION AND ORDER OF COURT

Pending before the court is a Motion to Dismiss filed by Defendants, Wachovia Capital Markets, LLC, d/b/a/ Wachovia Securities, Wells Fargo Securities, LLC, formerly known as Wachovia Capital Markets, LLC and Wachovia Bank, National Association ("Defendants") seeking to dismiss Plaintiff's First Amended Complaint for lack of standing pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure.  Plaintiff, Manufacturers and Traders Trust Company, as indenture Trustee ("M&T"), filed a Brief in Opposition thereto.  (Docket No. 107). After careful consideration of the same and the related documents, said Motion (Docket Nos. 246) is granted as more fully set forth below.

## OPINION

**I.    Background**

Plaintiff, M&T, acts as the Indenture Trustee under the Indenture dated June 23, 2003, pursuant to which Le-Nature's publicly issued 9% Senior Subordinated Notes.  (First Amended Complaint, Docket No. 238, ¶11, ¶97).  According to M&T, Le-Nature's breached the terms of the Indenture at the time it entered into the September 1, 2006 Credit Facility because its Consolidated

Fixed Charge Coverage Ratio was substantially less than 2.0 to 1.0.  *Id.* at ¶99.  Defendant, Wachovia Capital Markets, LLC, d/b/a/ Wachovia Securities, was the principal investment banker and financial advisor to Le-Nature's, and it arranged, promoted, and performed other services in connection with multiple credit facilities and securities issuances for Le-Nature's.  *Id.* at ¶13.  Defendant, Wachovia Bank, National Association, administered hundreds of millions of dollars of loans to Le-Nature's.  *Id.* at ¶14.  M&T has sued Defendants for tortious interference with a contract.  *Id.*  To that end, M&T asserts that Defendants knowingly and actively assisted Le-Nature's in breaching the terms of the Indenture.

II.     **Legal Argument**

   A.     **Legal Standard**

Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(1) and 12(h)(3)[1] of the Federal Rules of Civil Procedure.  A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's suit.  A Rule 12(b)(1) attack may argue that the plaintiff's federal claim is immaterial and made solely for the purpose of obtaining federal jurisdiction, is insubstantial and frivolous (collectively referred to as a " facial attacks") or, alternatively, the attack may be directed at "the existence of subject matter jurisdiction in fact (referred to as a "factual attack")."  *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  This case is a facial attack.  *See, Common Cause of Pennsylvania v. Pennsylvania,* 558 F.3d 249, 257 (3d Cir. 2009).  In facial attack cases, the sufficiency of the pleadings is contested.  *Id.*  As a result, I must accept the Complaint's allegations

---

[1]Rule 12(h)(3) provides as follows:"**(3) Lack of Subject-Matter Jurisdiction**. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Federal Rules of Civil Procedure Rule 12(h)(3).

as true.² *Id.* The Plaintiff bears the burden of establishing its standing. *Id.*, *citing, DaimlerCrysler Corp. V. Cuno,* 547 U.S. 332 (2006). If I determine that this Court does not have subject matter jurisdiction over the case, I must dismiss the action. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).

### B. Standing

Defendants' argument is based on lack of standing. (Docket No. 246). Specifically, Defendants argue that M&T lacks standing because:1) the tort claim that M&T is attempting to assert does not belong to the current noteholders it purports to represent and, thus, does not belong to M&T as the trustee; and 2) even if it did, the Indenture does not give M&T the authority to assert a tort claim. (Docket No. 247, p. 5). I will address each argument seriatim, as necessary.

#### 1. Standing of M&T to Bring a Tort Claim against Wachovia

"Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." *Common Cause of Pennsylvania v. Pennsylvania,* 558 F.3d 249, 257 (3d Cir. 2009), *quoting, Taliaferro v. Darby Twp. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir. 2006).

> [I]n order to have Article III standing, a plaintiff must adequately establish:
>
> (1) an injury in fact (i.e., a "concrete and particularized" invasion of a "legally protected interest");
>
> (2) causation (i.e., a "fairly traceable" connection between the alleged injury in fact and the alleged conduct of the defendant); and
>
> (3) redressability (i.e., it is "likely" and not "merely speculative" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

---

²In contrast, in a factual attack, no presumption of truthfulness attaches to the allegations of the plaintiff. *Id.* This Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006).

*Id.*, quoting *Sprint Commc'ns Co. v. APCC Servs., Inc.*, ---U.S. ----, 128 S.Ct. 2531, 2535 (2008), *quoting, Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (further quotation, alterations omitted). "[T]he minimum requirement for an injury-in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim." *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP,* 549 F.3d 100, 108 (2d Cir. 2008), *citing, Sprint Comm. Co., L.P. v. APCC Servs., Inc.,* 128 S.Ct. 2531, 2543-44 (2008). Defendants argue that the current noteholders have no injury in fact because they do not own the right to assert a tort claim and, therefore, M&T does not have the right to assert a tort claim. (Docket No. 247, pp. 8-9). Thus, Defendants submit that "[b]ecause M&T itself has no interests of its own in the notes, it can have standing only if it has been authorized to act by those who own the claim. It has not, because, under New York law,[3] tort claims do not pass when notes are sold." (Docket No. 264, p. 2).

In this case, M&T attempts to assert a cause of action for tortious interference with contractual relations against Defendants. (Docket No. 238, p. 36). Under New York law, purchasers of bonds do not purchase <u>all</u> claims of the prior owners absent an express assignment of the claims.[4] *Licht v. Donald, Lufkin & Jenrette Sec. Corp.,* Index No. 24560/82, Nos. 75, 76, 77, 78, 207, 208, and 209 of June 3, 1983 (Sup. Ct. Sept. 1, 1983), *aff'd,* 100 A.D.2d 987 (1984), *lv. denied,* 63 N.Y.2d 608 (1984). (Docket No. 246-5, pp. 3-4).

> While a security such as a bond is transferred by its sale, generally any cause of action belonging to its previous holder remains with its previous holder, so that one purchasing a bond may not sue because of alleged actions by the corporate debtor

---

[3] There is no dispute between the parties that New York law applies. As a result, I will apply New York law.

[4] While it is true that §13-107 of the New York Obligations Law ("GOL §13-107") automatically assigns common law claims against an indenture trustee or depositary from a bond's transferor to transferee, in this case Defendants are not alleged to be either a trustee or a depositary. Rather, the First Amended Complaint alleges Defendants to be "the principal investment banker and financial advisor to Le-Natures" and "administered hundreds of millions of dollars of loans to Le-Nature's." (Docket No. 238, ¶¶12-13). Consequently, GOL §13-107 does not apply to Defendants.

reducing the value of the bond before purchase.

Am. Jur.2d Corporations, §476. Otherwise, defendants would be exposed to double liability. *Licht, supra,* p. 5. (Docket No. 246-5, p. 6).

After a review of the First Amended Complaint, I find that M&T has failed to allege that the noteholders who purchased their bonds after the alleged tort received an assignment of the tort claims from the prior owners to sue Wachovia. *See,* Docket No. 238. M&T, as trustee, stands in the shoes of the current noteholders and only has standing to bring a suit that the current noteholders would have standing to bring.

In opposition, M&T argues that it has standing because "Cede & Co., the nominee of Depository Trust Company ('DTC'), was the initial registered 'Holder" of the Notes...gave written authority to certain Agent Members (brokers for the Notes) to...bring this Action against Defendants," and the brokers then "provided the same written authority to the beneficial owners of a majority of the outstanding Notes ('Majority Owners"), who directed M&T in a letter ('Letter of Direction') to investigate and, if deemed appropriate, bring this action against Wachovia." (Docket No. 259, pp. 1-2). I agree with Defendants that this argument misses the mark. The First Amended Complaint simply does not allege that beneficial owners of the notes as of the date of the alleged tort gave an assignment of the tort claims to the current noteholders.

Consequently, I find that M&T lacks Article III standing. Therefore, this Court does not have subject matter jurisdiction and the First Amended Complaint must be dismissed.[5]

---

[5]Since I dismiss the First Amended Complaint based upon Defendants' first issue, I need not consider Defendants' second issue concerning the Indenture.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANUFACTURERS AND TRADERS TRUST COMPANY, AS INDENTURE TRUSTEE,<br><br>    Plaintiff,<br><br>vs.<br><br>WACHOVIA CAPITAL MARKETS, LLC, d/b/a WACHOVIA SECURITIES, *et al.*,<br><br>    Defendants. | MDL No. 2021<br>MISC No. 09-162 |

## **ORDER OF COURT**

AND now, this 16th day of April, 2010, upon consideration of the Motion to Dismiss filed by Defendants (Docket No. 246), it is ordered that said Motion (Docket No. 246) is granted.

          BY THE COURT:

          /s/ Donetta W. Ambrose
          Donetta W. Ambrose
          United States District Judge